CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 19 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| COREY LEVON BECKHAM, | ) | CASE NO. 7:13CV00581 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Corey Levon Beckham, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Beckham challenges the September 23, 2010 judgment of the Circuit Court of Washington County under which he stands convicted of possession of cocaine with intent to distribute and related offenses and sentenced to 100 years with all but 15 years suspended. Upon review of the record, the court summarily dismisses the petition as untimely filed.[1]

I

Beckham pleaded guilty to the Washington County offenses and did not appeal the September 23, 2010 judgment. (CR 10-320, 10-654, 10-655, 10-656.) On September 17, 2012, Beckham filed a petition for a writ of habeas corpus in the Circuit Court, arguing that trial counsel had provided ineffective assistance of counsel and authorities had relied on illegally obtained evidence. (CL12-1338.) After the Circuit Court dismissed the petition, finding no error by counsel, Beckham appealed to the Supreme Court of Virginia. (Record No. 130891.) That court denied his habeas appeal on October 28, 2013.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Beckham asserts that he signed and dated his § 2254 petition on October 31, 2013, and delivered it on November 1, 2013, to prison officials for mailing to the United States District Court for the Eastern District of Virginia, along with a motion for extension of time. The Eastern District transferred the petition and motion for extension to this court. On December 18, 2013, the court conditionally filed the petition, notified Beckham that it appeared to be untimely filed and could be dismissed as such, and directed him to provide any additional information concerning the timeliness of his petition under 28 U.S.C. § 2244(d). Beckham responded with arguments on timeliness and also relied on his pending motion for extension.

II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[2] Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.


2

the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Beckham's petition is untimely under § 2244(d)(1)(A). Beckham's conviction under the September 23, 2010 judgment of the Circuit Court of Washington County became final for purposes of § 2244(d)(1)(A) on October 23, 2010, when he failed to appeal the judgment within 30 days. See Virginia Code § 8.01-675.3 (providing notice of appeal must be filed within 30 days from date of judgment). Beckham's one-year period to file a § 2254 petition began to run on that date and expired on October 23, 2011. Because Beckham's current petition was not filed within that time, it is untimely filed under § 2244(d)(1)(A). Beckham's state habeas petition, filed in 2012, did not toll the running of the statutory period under § 2244(d)(2), because it was not filed until after that period expired. Although granted an opportunity to provide any additional information on timeliness, Beckham fails to demonstrate any reason that he could not have filed his habeas claims before October 23, 2011.

Beckham also states no facts invoking calculation of his statutory filing period under § 2244(d)(1)(B), based on removal of a state-created impediment or under § 2244(d)(1)(C), based on any constitutional right newly recognized by the United States Supreme Court. Perhaps Beckham seeks recognition of his petition as timely under § 2244(d)(1)(D), based on newly discovered facts. Beckham's petition alleges, among other things, that counsel promised to file a notice of appeal, but failed to do so. Beckham knew the facts necessary to this claim no later than October 27, 2010, however, when Beckham filed a pro se motion for an extension of time to pursue the appeal, which the Supreme Court of Virginia denied. Because Beckham did not file his § 2254 petition within one year of October 27, 2010, his petition cannot be deemed timely filed under § 2244(d)(1)(D).

3

As stated, when Beckham filed his § 2254 petition in the Eastern District, he also filed a motion for extension of time. As grounds for the requested extension, Beckham's motion refers to delays in receiving mail at the prison and making photocopies of the petition. He fails to demonstrate, however, that either of these issues had any bearing on his failure to submit his § 2254 petition before October 2011.

Beckham asserts that the Eastern District, by filing his § 2254 petition, granted him the extension of time he requested. The record reflects, however, that the Eastern District made no ruling on the motion for extension of time and transferred it, with the § 2254 petition, to this court. Section 2244(d) does not authorize any court to extend the one-year time period for filing a § 2254 petition, and the court is not aware of any federal rule or statutory provision authorizing it to grant such an extension.[3] See, e.g., Spencer v. Sutton, 239 F.3d 626, 629-30 (4th Cir. 2001) (finding that court erred in granting extension of statute of limitations to file habeas petition).

This court may equitably toll the limitations period for a submitted habeas corpus petition, but only if petitioner states facts showing that extraordinary circumstances prevented him from submitting a timely petition. Id. To be entitled to equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005). Beckham has made no such showing.

For the stated reasons, the court concludes that Beckham's petition is untimely filed under § 2244(d), his state habeas petition did not toll the running of the statutory filing period because it was filed after that period expired, and he has not shown grounds for equitable tolling.

---

[3] Beckham argues that certain sections of the Virginia Code authorize this court to extend filing deadlines, based on his showing of "good cause sufficient to excuse delay." (ECF No. 9, p. 3.) This argument has no merit. State statutes cannot authorize a federal court to extend a federal statutory deadline.

4

Accordingly, the court will summarily dismiss his petition as untimely. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 14th day of February, 2014.

/s/ James C. Turk
Senior United States District Judge